UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TA EH DOH LAH,

    Petitioner,

v

PAMELA BONDI, et al.,

    Respondents.

ORDER ADOPTING
REPORT AND RECOMMENDATION
Civil No. 26-00171(MJD/SGE)

R. Linus Chan, University of Minnesota Law School, Counsel for Petitioner.

Julie Le, Special Assistant United States Attorney, Counsel for Federal Respondents.

The above-entitled matter comes before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Shannon G. Elkins filed January 19, 2026. (Doc. 11.) This matter is before the Court on Petitioner's limited objections to the ("R&R"). Respondents requested an extension to file their objections, which the Court denied. (Docs. 14, 16.) Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, the Court adopts the Report and Recommendation as modified below.

**I.     BACKGROUND**

No objections have been made to Magistrate Judge Elkins' recitation of the facts, which follow:

> Ms. Lah is a citizen of Burma, also known as Myanmar. Ms. Lah, her husband, and her three children were admitted to the United States as refugees on November 6, 2024. Ms. Lah completed the highly regulated vetting process to be admitted as a refugee with her family. After arriving at the Chicago O'Hare airport on November 6, 2024, Ms. Lah's family located to St. Paul, Minnesota. Ms. Lah gave birth to her fourth child in the summer of 2025, and the baby is now five months old. Ms. Lah has no criminal history.
>
> A refugee must be physically present in the United States for one year before they can apply for an adjustment of status. On November 10, 2025, the date Ms. Lah became eligible for adjustment of status pursuant to 8 U.S.C. § 1159(a), she filed her Form I-485, Application to Register Permanent Residence or Adjust Status with the United States Customs and Immigration Services ("USCIS"). Ms. Lah followed the law, and her application remains pending.
>
> On January 9, 2026, USCIS issued a press release concerning the launch of Operation PARRIS [Post-Admission Refugee Reverification and Integrity Strengthening] in Minnesota. One day later, on Saturday, January 10, 2025, ICE agents received a referral from USCIS and conducted an operation to locate and arrest Ms. Lah. ICE agents entered Ms. Lah's apartment building through a propped open door and encountered Ms. Lah's husband and child. ICE agents asked Mr. Lah's husband and child for their identification, showed Ms. Lah's husband a picture of Ms. Lah, and directed Mr. Lah to lead them into his apartment. ICE agents entered the apartment and demanded Ms. Lah present her identification. Ms. Lah showed ICE agents her identification and complied with their directive to follow ICE agents outside. Once

  outside, ICE agents arrested Ms. Lah.  At the time of her arrest, Ms. Lah was still breast feeding her five-month-old baby.

(R&R at 2-3 (citations and footnotes omitted).)

  To these facts, the Court adds one that it was only made aware of today, January 23, 2026.  Ms. Lah has congenital heart disease that had gone undiagnosed until she received prenatal care here in the United States.  (Doc. 17.)  As a result of this condition, Ms. Lah has "right-sided heart failure" and physicians were planning a repair after her baby was born.  (Id.)  Without expert medical care, Ms. Lah will die prematurely from her heart condition.  (Id.)  Ms. Lah missed a January 17, 2026 appointment with her cardiac doctors because she is detained.  (Id.)  Ms. Lah's cardiologist appeals for Ms. Lah to be allowed to seek expert medical care, ideally at the University of Minnesota where doctors know her condition.  (Id.)

  On January 12, 2026, the Court issued an Order to Show Cause directing Respondents to answer the petition and instructing them as to what information their answer should include.  (Doc. 3.)  Respondents filed a timely response that included a motion to transfer venue based on the fact that Ms. Lah had been moved to Texas prior to filing her petition.  (Doc. 4.)  However, Magistrate Judge

Elkins found that Respondents neither "actually respond[ed] to the Petition nor follow[ed] Judge Davis's Order to Show Cause." (R&R at 5.) Magistrate Judge Elkins issued another briefing order directing Respondents to answer the Petition as previously ordered. Respondents filed an untimely response that did not comply with the Order to Show Cause. (Id. at 6.)

Magistrate Judge Elkins recommends that Respondents' Motion to Transfer be denied and that Ms. Lah's Petition for Writ of Habeas Corpus be granted in part. Specifically, Magistrate Judge Elkins recommends that Respondents should be required to either complete inspection and examination of Ms. Lah pursuant to 8 U.S.C. § 1159(a) or immediately release Ms. Lah from custody in Minnesota and file a notice confirming the date, time, and location of release. (R&R at 16-17.)

## II. OBJECTIONS

Ms. Lah asserts the following three objections to the R&R. First, she objects to the R&R's failure to recommend that Respondents "were in default on their venue objection, given the failure to respond to the Court's scheduling order of January 16th, 2026 under Federal R. Civ. Proc. 12(h) (1)." (Doc. 12 at 2.) This objection is overruled.

Second, Ms. Lah objects to the R&R's "failure to rule that 'custody' under 8 U.S.C. 1159(a) cannot mean 'detention,' such that the Respondents may compel refugee applicants to be detained while undergoing adjustment processing." (Id. at 3.) Third, Ms. Lah objects to the R&R's recommendation providing for Respondent to conduct an inspection and examination of the Petitioner after this period of detention within seven days. (Id.)

Based on the relief the Court ultimately orders, which is based on the unique facts of this case, the Court will sustain Ms. Lah's third objection and declines to reach Ms. Lah's second objection.

The R&R finds that Ms. Lah's continued detention under the facts of her case is not supported by the relevant statutes and regulations and the Court agrees. Ms. Lah is a legal refugee who took the proper steps on the first available date to apply for a status adjustment. It is through no fault of hers that there has been no movement on her application. There is simply no legal reason for keeping this mother 1800 miles away from her children.

The R&R recommends ordering Respondents to, within 7 days of the order, complete inspection and examination of Petitioner pursuant to 8 U.S.C. § 1159(a) or to immediately release her to Minnesota. The Court will therefore

order that Respondents transfer Ms. Lah back to Minnesota by January 25, 2028. The Court will further order that any inspection and examination of Ms. Lah take place in Minnesota during hours proposed by her counsel beginning the week of February 2, 2026.

Ms. Lah has already lost important bonding and nursing time with her baby. While the Court recognizes that many families are suffering due to Operation PARRIS and other ICE actions in the District of Minnesota, there is something particularly craven about transferring a nursing refugee mother out-of-state. In addition, time is of the essence based on Ms. Lah's own health needs that can best be met by her University of Minnesota physicians.

### III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **ADOPTS as modified** the Report and Recommendation of United States Magistrate Judge Shannon G. Elkins filed January 19, 2026 **[Doc. 11]**.

It is further **ORDERED** that:

1. Respondents' Motion to Transfer **[Doc. 4] is DENIED**; and

2. Ms. Lah's Petition for Writ of Habeas Corpus **[Doc. 1] is GRANTED as follows:**

    a. Respondents must transfer Petitioner back to the District of Minnesota by January 25, 2026;

    b. Once back in the District of Minnesota, Respondents must release Petitioner as she is current with all her refugee application obligations and has no criminal record;

    c. Respondents must complete inspection of Petitioner in Minnesota pursuant to 8 U.S.C. § 1159(a) beginning the week of February 2, 2026;

    d. Petitioner must not be held in custody overnight or otherwise unduly detained during this inspection;

    e. Respondents must allow Petitioner access to her counsel during the inspection if she requests; and

    f. Respondents must file a notice confirming that inspection has been completed and identifying the outcome.

    g. If inspection is not feasible in the week of February 2, 2026, Petitioner's counsel shall notify Respondents and provide appropriate documentation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 23, 2026          s/Michael J. Davis
                                                     Michael J. Davis
                                                     United States District Court